IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-81411-TJM |
| | ) | |
| JEFFREY KENT FAGER and | ) | CH. 13 |
| VIVIAN ANN FAGER, | ) | |
| | ) | |
| Debtors. | ) | |

**MEMORANDUM**

   This matter was presented to the Court on the Chapter 13 Trustee's Objection to Confirmation (Fil. #58) of the Third Amended Chapter 13 Plan (Fil. #48), and a Response filed by Debtors (Fil. #62). This matter was scheduled for hearing on June 16, 2008, but the parties waived oral argument and submitted the matter on the filings. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(L).

   The Chapter 13 Trustee asserts that the proposed plan does not provide for the payment of all of Debtors' projected disposable income during the five-year plan of reorganization as required by 11 U.S.C. § 1325(b). Specifically, the Chapter 13 Trustee objects to Debtors' calculation under 11 U.S.C. § 707(b)(2)(A)(iii) of the amount of a deduction based on a second mortgage loan, the lien for which Debtors intend to avoid under the plan. Debtors oppose the motion and assert that they have correctly interpreted § 707(b)(2)(A)(iii).

   Debtors own a home located at 16105 Josephine Street, Omaha, Nebraska. According to the proofs of claim, the home is subject to a first mortgage in favor of HSBC Mortgage Services in the amount of $274,151.93, and a second mortgage in favor of HSBC Mortgage Services in the amount of $58,238.87. In their second amended plan, Debtors submit that the value of their home is $250,000.00. Accordingly, the plan provides that Debtors' second mortgage lien is wholly unsecured and the lien avoided. Further, Debtors previously objected to the claim as a secured claim, asserting that it should be allowed as an unsecured claim. No resistance to Debtors' objection was filed and, therefore, the second mortgage lien of HSBC Mortgage Services has been avoided.

   In completing Form B22C to determine the amount of Debtors' projected disposable income that must be returned to unsecured creditors under the plan, Debtors deducted the full amount of the second mortgage loan payment despite the fact that the lien had been avoided. The Chapter 13 Trustee asserts that since the lien has been avoided, Debtors cannot deduct the home mortgage payment as a secured debt deduction.

   11 U.S.C. § 1325(b)(1) provides in pertinent part as follows:

   If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, *as of the effective date of the plan* —

>         . . .
>         (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

(Emphasis added.)

Disposable income is defined in § 1325(b)(2) as current monthly income received by the debtor (excluding certain designated sources) less amounts reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor. Section 1325(b)(3) provides that for debtors above the applicable state median level of income (such as Debtors in this case), amounts reasonably necessary to be expended shall be determined in accordance with subparagraphs (A) and (B) of § 707(b)(3).

Section 707(b) contains the Chapter 7 means test to evaluate whether a rebuttable presumption of abuse arises in connection with a Chapter 7 case. In addition, its calculations have been incorporated into Chapter 13 for purposes of determining a debtor's projected disposable income. Among other things, according to § 707(b)(2)(A)(iii), a debtor may deduct from income "the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition" divided by 60.

This Court has previously had the opportunity to review the secured debt deduction under § 707(b)(2)(A)(iii) in the context of a Chapter 7 proceeding where the debtor intended to surrender property securing a debt. In *In re Vandenberg*, 2008 WL 2020186 (Bankr. D. Neb. May 8, 2008), this Court stated:

> I agree that Debtor is entitled to the means test deduction despite her intent to surrender, for two reasons. First, the statute clearly refers to "amounts scheduled as contractually due to secured creditors." The mere act of surrendering or stating an intent to surrender collateral does not alter the contractual obligation to make payments. Second, the means test is simply a calculation to determine whether a presumption of abuse arises. It is not dispositive on the abuse issue. For example, if a presumption of abuse arises as a result of the calculation, the debtor can show special circumstances to rebut the presumption under 11 U.S.C. § 707(b)(2)(B). Also, if the presumption of abuse does not arise under 11 U.S.C. § 707(b)(2), a motion to dismiss for abuse can still be granted (and the intent to surrender can be considered) under 11 U.S.C. § 707(b)(3) . . . .

The Chapter 13 Trustee asserts that there are three reasons why the result should be different in the Chapter 13 context. First, while the Chapter 7 calculation to determine whether a presumption of abuse arises is made as of the date of bankruptcy filing, the Chapter 13 means test calculation of projected disposable income is made "as of the effective date of the plan." 11 U.S.C. § 1325(b)(1); *In re Suess,* __ B.R. __, 2008 WL 1883509 (Bankr. W.D. Mo. Apr. 28, 2008). Second, the Chapter

13 plan effectively changes the amounts that are "contractually due" and, therefore, the payments pursuant to the plan are the only payments that need to be included in the calculations. *Id. See also In re McPherson,* 350 B.R. 38 (Bankr. W.D. Va. 2006). Finally, the Chapter 13 Trustee points out that unless the actual plan payments are considered, an under-median debtor (whose plan payments would be based upon their actual income and expenses during the plan as opposed to the § 707 calculations) would actually end up paying more than an over-median debtor. Such a result would be inequitable and contrary to the intent of the bankruptcy amendments.

I agree with the Chapter 13 Trustee. The projected disposable income calculation clearly refers to the effective date of the plan. Further, the plan and the order avoiding lien change the contractual obligation to the creditor. In the Chapter 13 context, where the intent is to calculate what debtors are capable of repaying to their creditors, it would be nonsensical to allow the debtors a secured debt deduction for a mortgage loan that they will not actually be paying under the plan. *See In re Wilson,* 383 B.R. 729, 733-34 (B.A.P. 8th Cir. 2008) (stating "there can be no doubt that the purpose of these amendments to §§ 707(b) and 1325(b) was to require above-median income debtors to make more funds available to their unsecured creditors . . ." and further stating "[i]t would turn the logic of BAPCPA on its head to allow above-median debtors such a deduction [for nonexistent vehicle ownership expense].")

Therefore, I find that the Chapter 13 Trustee's Objection to Confirmation of Plan (Fil. #58) should be sustained.

Separate order to be filed.

DATED: June 18, 2008.

                                          BY THE COURT:

                                          /s/ Thomas L. Saladino
                                          United States Bankruptcy Judge

Notice given by the Court to:
    David G. Hicks
    *Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.